IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS M. STANLEY                                                              PLAINTIFF

vs.                                   Civil No. 4:19-cv-04064

COMMISSIONER, SOCIAL                                                           DEFENDANT
SECURITY ADMINISTRATON

## MEMORANDUM OPINION

Thomas M. Stanley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability application on April 25, 2016. (Tr. 10). In this application, Plaintiff alleges being disabled due to depression; possible mini strokes; high blood pressure; high cholesterol; anxiety; memory loss; trouble reading and writing; short-term memory

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

loss; and plantar fasciitis. (Tr. 187). Plaintiff alleges an onset date of October 1, 2011. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 71-89).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and a hearing request was granted. (Tr. 31-70). On July 23, 2018, the SSA held an administrative hearing in Shreveport, Louisiana. *Id.* At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Valerie Hill testified at the administrative hearing in this matter. *Id.*

On September 25, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-25). The ALJ found Plaintiff last met the insured status requirements of the Act on September 30, 2016. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") through his date last insured of September 30, 2016. (Tr. 12, Finding 2). The ALJ found, through the date last insured, Plaintiff had the following severe impairments: gout, anxiety, depressive disorder, obesity, and borderline intellectual functioning. (Tr. 12-13, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-15, Finding 4).

The ALJ determined Plaintiff was fifty-four (54) years old, which is defined as an individual "closely approaching advanced age" under 20 C.F.R. § 404.1563(c), on his date last insured. (Tr. 19, Finding 7). The ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 19, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no exposure to moving mechanical parts and unprotected heights, deep water, open flames, or operation of a motor vehicle. The claimant could perform simple, routine tasks and make simple work-related decisions with occasional interaction with supervisors and general public and no exposure to extreme heat.

*Id.*

The ALJ evaluated his Past Relevant Work ("PRW"). (Tr. 18, Finding 6). Considering that PRW, the ALJ determined that, through his date last insured, Plaintiff was unable to perform any of his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a housekeeper cleaner (light, unskilled) with 155,463 jobs nationally and silver wrapper (light, unskilled) with 107,965 jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time through September 30, 2016 through the date of her decision or through September 25, 2018. (Tr. 20, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On April 30, 2019, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3). On June 7, 2019, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 11, 2019. ECF No. 8. This case is now ready for decision.

## 2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff raises two arguments for reversal: (A) the ALJ erred in finding his cognition deficits were not severe impairments; and (B) the ALJ erred in assessing his RFC. *Id.* The Court will address both of these arguments.

**A. Severe Impairments**

Plaintiff claims the ALJ erred in finding his "cognition deficits" were not severe. ECF No. 13 at 3. Plaintiff does not specifically outline what "cognition deficits" should have been found to be severe, but the Court presumes Plaintiff is referencing the following impairments, which the ALJ found were non-severe:

> The claimant complained of left side facial drooping and the inability to talk during an April 2016 doctor's visit. Neurological examination revealed normal coordination, normal cognitive function, and normal thought content and affect. Central seventh nerve paralysis noted on cranial nerves examination. Muscle strength reduced to 4/5 in the left upper extremity. His clinician referred him for a brain MRI. (Exhibit 5F, page 13) Brain MRI ordered in April 2016 showed mild central and cortical cerebral atrophy with minimal ischemic white matter in the periventricular regions. (Exhibit 1F, page 3) Carotid Duplex done this month showed mild calcific plaque formation of the right bulb resulting in mild stenosis (16-49%). (Exhibit 1F, pages 4 and 5) Given all these conditions are of a mild nature, each condition is considered not severe.

(Tr. 12-13). In analyzing these impairments, it appears the ALJ is largely grouping these non-severe impairments as some type of organic brain functioning disorder or neurological disorder. *Id.*

Plaintiff, however, in his briefing indicates these impairments are "cognition" and references his impaired memory difficulties, cognition recall, confusion, and poor concentration. ECF No. 13 at 1-11. In his opinion, the ALJ *did find* Plaintiff's cognition impairments were severe and found specifically Plaintiff suffered from the severe impairment of borderline intellectual function. (Tr. 12-13, Finding 3). The ALJ also found Plaintiff suffered from the severe impairments of anxiety and depressive disorder. *Id.* Thus, based upon Plaintiff's briefing and argument, the Court cannot find the ALJ erred in her Step Two Analysis. The Court can only speculate as to which additional impairments should have been found to be severe, and Plaintiff has not demonstrated there are any additional severe impairments based upon his medical records.

**B. RFC Determination**

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 13 at 11-15. In making this argument, Plaintiff lists twenty-two alleged impairments and claims they cause him to be disabled. *Id.* Plaintiff also references his testimony at the administrative hearing wherein he complains of plantar fasciitis, knee pain, and left-hand weakness. *Id.*

In assessing a claimant's RFC, it is the ALJ's responsibility to base that determination upon "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional

6

limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The mere fact Plaintiff lists twenty-two different alleged impairments does not demonstrate he has more limitations than those found in the RFC assessment above.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE